Argued and submitted September 24, 1996, affirmed May 7, petition for review denied October 7, 1997 (326 Or 62)

## Michael G. VAN DRIMMELEN,
*Appellant,*

*v.*

## Rick BERLIN,
*Respondent.*

### (90C11447; CA A91674)

939 P2d 59

J. Michael Alexander argued the cause for appellant. With him on the briefs was Burt, Swanson, Lathen, Alexander, McCann & Smith, P.C.

Brad G. Garber argued the cause for respondent. With him on the brief was Meyers, Radler, Replogle & Bohy.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

At issue in this case is whether a worker who is otherwise subject to an exemption from tort liability for injuries that he caused to another worker while on the job may be subject to tort liability because the employer failed to provide workers' compensation coverage. We conclude that a coworker's exemption from liability does not depend on the employer's compliance with the requirement to provide workers' compensation coverage.

Plaintiff was injured on the job when a coworker dropped a load of steel on him from a forklift. At the time, plaintiff's employer was not in compliance with the workers' compensation laws, that is, the employer did not provide workers' compensation insurance and did not qualify as a self-insured employer. Plaintiff filed a workers' compensation claim and the State Accident Insurance Fund Corporation (SAIF), pursuant to its statutory obligation to provide coverage for employees of noncomplying employers, accepted the claim.[1] Plaintiff ultimately was awarded a total of approximately $35,000 in workers' compensation benefits.

Plaintiff then initiated this negligence action against his employer and the coworker. The employer declared bankruptcy and was dismissed from the case, leaving the coworker as the only defendant. Defendant moved for summary judgment on the ground that plaintiff's sole remedy lay in obtaining workers' compensation benefits. The trial court agreed, granted the motion and entered judgment dismissing the claims against defendant.

On appeal, plaintiff argues that the trial court erred in granting defendant's summary judgment motion. According to plaintiff, coworkers are entitled to an exemption from tort liability for on-the-job injuries they cause only to the extent that the employer is subject to the exemption, and, in

---

[1] At the time of plaintiff's injuries, ORS 656.054(1) provided that the director of the Department of Consumer and Business Services must refer claims for injuries while working for a noncomplying employer to SAIF. The statute was amended in 1995 and now provides that such claims are to be referred to an "assigned claims agent" with whom the director contracts to manage such claims. ORS 656.054(1) and (9).

this case, the employer was not subject to the exemption because it had failed to provide workers' compensation coverage. Defendant agrees that the *employer* may not claim the exemption from tort liability unless it has complied with the statutory obligation to provide workers' compensation coverage. He argues that he nevertheless is not subject to tort liability because the employer's noncompliance is beside the point. Defendant argues that, under ORS 656.054, when an employee working for a noncomplying employer is compensably injured, he is entitled to benefits "as if the employer had complied" with the obligation to provide coverage. If the employer in this case had complied, defendant argues, he would have been subject to the exemption from tort liability; therefore, under ORS 656.054, he is subject to the exemption from tort liability. Plaintiff offers no reply to defendant's argument except to reiterate the position that exemption from liability is generally conditioned upon compliance with the statutory obligation to provide coverage.

The dispute thusly framed requires us to ascertain the intended meaning of the workers' compensation statutes, which we accomplish by looking first to the text of the statutes in context and, if necessary, to legislative history and other interpretive aids. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). The text of ORS 656.017(1) provides:

> "Every employer subject to this chapter shall maintain assurance with the director that subject workers of the employer and their beneficiaries will receive compensation for compensable injuries as provided by this chapter and that the employer will perform all duties and pay other obligations required under this chapter, by qualifying:
>
> "(a)   As a carrier-insured employer; or
>
> "(b)   As a self-insured employer * * *."

ORS 656.018 then provides, in relevant part:

> "(1)(a)   The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of injuries * * * that are sustained by subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the

employer on account of such conditions or claims resulting therefrom * * *.

"* * * * *

"(2)  The rights given to a subject worker and the beneficiaries of the subject worker under this chapter * * * are in lieu of any remedies they might otherwise have * * * against the worker's employer * * *.

"(3)  The exemption from liability given an employer under this section is also extended to the employer's insurer, the self-insured employer's claims administrator, the department, and the contracted agents, employees, officers and directors of the employer * * *[.]"

There can be no question that, in accordance with the two quoted statutes, only an employer "who satisfies the duty required by ORS 656.017(1)" is entitled to the exemption from tort liability described in ORS 656.018(1). Likewise, there can be no question that coworkers are entitled only to "the exemption from liability given an employer under this section," that is, an employer who has satisfied the duty to provide coverage in accordance with ORS 656.017(1). Those statutes, however, are not the only ones that pertain to the issues at hand. Two others also must be considered to complete the picture of the statutory framework within which an injured worker for a noncomplying employer may recover for his or her on-the-job injuries.

First, ORS 656.054(1) provides, in part:

"A compensable injury to a subject worker while in the employ of a noncomplying employer is compensable to the same extent as if the employer had complied with this chapter."

The worker obtains such compensation from an assigned claims agent—in this case, SAIF— which, in turn, may initiate an action against the noncomplying employer to recover the benefits paid to the worker.

Second, ORS 656.578 provides that, even though the worker who has been compensably injured while working for a noncomplying employer may obtain workers' compensation benefits, he or she also may elect to recover damages from the noncomplying employer:

> "If a worker of a noncomplying employer receives a compensable injury in the course of employment, * * * such worker * * * shall elect whether to recover damages from such employer * * *."[2]

In that case, the assigned claims agent has a statutory lien against any damages that are recovered to offset the compensation already paid to the injured worker. ORS 656.580(2).

Those additional statutes reveal a different picture concerning the effect of the exemption statutes. While it may be true, as plaintiff suggests, that under ORS 656.018(1) and (3), the employee's exemption from tort liability is derivative of the employer's, that reading of the statutes is incomplete. ORS 656.054 also provides that, when a worker is compensably injured while working for a noncomplying employer, he or she recovers compensation *"as if the employer had complied"* with the conditions that entitle complying employers to the exemption. Thus, if an employer had complied with the requirement of providing workers' compensation coverage, the coworker would be entitled to the immunity from tort liability that flows from that compliance under ORS 656.018(1) and (3). And, while ORS 656.578 expressly authorizes the worker to bring a tort action against the noncomplying employer, its authorization to initiate such actions does not extend to coworkers or any others who would be subject to immunity if the employer had complied with its statutory obligation to provide its workers with coverage. Taken together, the statutes provide that, when a worker has been compensably injured while working for a noncomplying employer, (1) the worker is entitled to workers' compensation benefits from the assigned claims agent under ORS 656.054; (2) the worker is entitled to elect to sue the noncomplying employer and retain any damages in excess of the assigned claims agent's lien for compensation paid to the worker; but (3) the worker cannot sue a coworker, both because, under ORS 656.018(3) and ORS 656.054, the coworker would have

---

[2] ORS 656.578 also provides that, when a worker receives an injury as a result of the negligence or wrong of a third person who does not work for the same employer, the worker may seek a remedy against the third person as well. In this case, plaintiff was not injured as a result of the negligence of a third person, and that portion of the statute does not apply.

been entitled to claim the statutory exemption from tort liability and because ORS 656.578 does not authorize tort actions against employees of noncomplying employers.

That reading of the statutes only makes sense. To read them otherwise would mean that a coworker who negligently causes a compensable injury while working for a complying employer is treated differently from a coworker who does precisely the same thing while working for a noncomplying employer, when the noncompliance is entirely the fault of the employer, not of the coworker. Moreover, to read the statutes otherwise would effectively alter the statutory authorization expressed in ORS 656.578. That statute authorizes a worker to elect to sue a noncomplying employer for on-the-job injuries. It does not authorize the worker to sue coworkers as well. Indeed, if we were to read the statutes to permit tort recovery against coworkers, we would be required, by the same reasoning, to read the statute to authorize similar actions against all other nonemployers who are otherwise entitled under ORS 656.018(3) to the employer's exemption from tort liability, including the employer's insurer, the department, officers and directors of the employer and others. ORS 656.578 simply does not say that, and we are not at liberty to write such additional authority into the statute. ORS 174.010.

Turning to the facts of this case, it is undisputed that plaintiff's and defendant's employer was a noncomplying employer at the time of plaintiff's injuries. Plaintiff was thus entitled under ORS 656.054 to workers' compensation coverage "as if the employer had complied" with the obligation to provide coverage. Plaintiff also was entitled, under ORS 656.578, to sue his noncomplying employer for damages resulting from the on-the-job injury. He was not, however, entitled to sue his coworker. The trial court therefore correctly concluded that defendant was entitled to judgment as a matter of law and correctly granted defendant's motion for summary judgment on that ground.

Affirmed.